Filed
3/7/2024 10:09 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Alvi Aimen

CAUSE NO. 24-DCV-313957

| | | |
|---|---|---|
| DANIEL EWING, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| KINDERCARE LEARNING COMPANIES, INC. AND KINDERCARE LEARNING CENTERS, LLC d/b/a/ KINDERCARE KATY KNOWLEDGE BEGINNINGS, | § | Fort Bend County - 400th Judicial District Court<br>_____ JUDICIAL DISTRICT |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff, Daniel Ewing, files this Original Petition complaining of Defendants, KinderCare Learning Companies, Inc. and KinderCare Learning Centers, LLC d/b/a KinderCare Katy Knowledge Beginnings (collectively, "Defendants"), and in support, respectfully shows the following:

**I.**
**DISCOVERY CONTROL PLAN**

1. Pursuant to Tex. R. Civ. P. 190.1, Plaintiff intends to conduct discovery under Level 3 and requests that a Discovery Control Plan be entered by the Court pursuant to Rule 190.4.

**II.**
**PARTIES**

2. Plaintiff, Daniel Ewing ("Plaintiff"), is an individual residing in Fort Bend County, Texas. The last three numbers of Plaintiff's Texas driver's license number are [redacted]. The last three numbers of Plaintiff's Social Security number are [redacted].

3. KinderCare Learning Companies, Inc. ("KLCI") is a foreign corporation with its principal office in the state of Oregon that is qualified to do business within the State of Texas. This Defendant may be served with process by serving its registered agent at Corporation Service

Company d/b/c CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620. Austin, Texas 78701-3218.

4. KinderCare Learning Centers, LLC ("KLCL") is a foreign limited liability company with its principal office in the state of Oregon that is qualified to do business within the State of Texas. This Defendant may be served with process by serving its registered agent at Corporation Service Company d/b/c CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620. Austin, Texas 78701-3218.

5. One or both of the Defendants operates an early education center known as KinderCare Katy Knowledge Beginnings, located at 6130 S. Fry Rd, Katy, Texas 77494, where the incident subject of this suit (the "Incident") occurred. No formal assumed business name filing was located despite a diligent search of county and state records.

## III.
## JURISDICTION AND VENUE

6. Venue is proper in Fort Bend County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) in that all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County.

7. This Court has jurisdiction over this case because the damages are within the jurisdictional limits of the Court and the Court has personal jurisdiction over all parties.

## IV.
## MISNOMER AND ALTER EGO

8. In the event any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

9. Plaintiff contends that any "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Usually, the corporate veil protects parent companies,

shareholders, officers, directors, and affiliates from personal liability for corporate obligations, whether arising out of contract or tort. However, when various legal entities are abused by the organizers, directors, or members of these entities, the corporate veil can be disregarded, and individual liability can be imposed.

10. In addition, or alternatively, it is Plaintiff's contention that such corporation and/or such person/director/officer are/were "alter egos" of the parties named herein. The Texas Supreme Court has described this basis for piercing the corporate veil as follows: "[u]nder the alter ego theory, courts disregard the corporate entity when there exists such unity between the corporation and individual that the corporation ceases to be separate and when holding only the corporation liable would promote injustice." *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990) (citing *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986)).

## V.
## FACTS

11. On or about January 27, 2023, Plaintiff was an invitee on Defendants' premises, located at 6130 S. Fry Rd, Katy, Texas 77494. (the "Premises").

12. At the time of the Incident subject of this suit, a dangerous condition existed on the Premises which was not open and obvious and which Defendants and or their employees caused and knew about. Namely, the floor inside Plaintiff's child's classroom was wet. This was done intentionally by Defendants' employees. There were no warning signs in front of or on the classroom door giving notice of the dangerous condition.

13. Plaintiff entered the room to collect his three-year-old son's water bottle that was left in there by Defendants' employees. When Plaintiff stepped inside the room, he slipped on the wet floor and fell hard. Plaintiff was seriously injured from the fall, which has resulted in the need for multiple surgeries and other medical care.

14. Defendants and their employees know that parents walk into that room to retrieve children's belongings left in there by employees. Defendants and/or their employees knew that the floor inside the room was wet—they made it that way. Defendants did not have a wet floor sign in front of the door warning of the dangers within the room.

15. As a direct and proximate result of Defendants' and their employees' negligence and the dangerous condition, Plaintiff suffered serious physical injuries and damages.

## VI.
## CAUSE OF ACTION

**Premises Liability**

16. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

17. Defendants are either the owners of the Premises where the Incident occurred, and/or had possession, custody, and/or the right to control the Premises, including the specific portion of the Premises where the Incident occurred.

18. Plaintiff was an "invitee" of Defendants at the Premises, as that term is defined under Texas Law. Defendants' and/or their employees caused a dangerous condition on the Premises. Specifically, Defendants' employees caused a wet floor in a room and did not place a sign warning of the danger at the entrance of the room so that a person exercising ordinary care such as Plaintiff would have reasonable notice of the hazard. This condition posed an unreasonable risk of harm to Plaintiff and other invitees. Although Defendants knew of the dangerous condition, they failed to use reasonable or ordinary care to warn of or remedy the dangerous condition.

19. Further, Defendants and their employees breached their duties to Plaintiff by one or more of the following non-exclusive negligent, careless, and reckless actions and/or omissions:

a. Failing to adequately remedy the dangerous condition which Defendants knew about;

b. Failing to adequately warn of the dangerous condition which Defendants knew about;

c. Failure to design and implement reasonable policies and procedures for maintaining the Premises to ensure the safety of invitees;

d. Failing to maintain the area in a safe condition;

e. Failing to train employees to ensure they adequately inspect and remedy dangerous conditions; and

f. Failing to act reasonably and prudently.

20. Defendants' and their employees wrongful acts, errors, and omissions of neglect, singularly or in combination with others, proximately caused the incident made the basis of this suit, including Plaintiff's injuries and damages.

## VII.
## VICARIOUS LIABILITY

21. In addition to Defendants' independent liability to Plaintiff, if it is determined that any negligent actions or omissions by an employee of Defendants while in the course and scope of his or her employment caused or contributed to the Incident and Plaintiff's injuries, Defendants are vicariously liable to Plaintiff under the doctrine of *respondeat superior*.

## VIII.
## DAMAGES

22. As a direct and proximate cause of Defendants' and their employees' acts and/or omissions, Plaintiff sustained severe injuries and damages, and brings this suit for the following damages:

a. Past and future medical expenses;

b. Past and future physical pain and suffering;

c. Past and future mental anguish;

d. Past and future physical impairment;

e. Lost wages and future loss of earning capacity;

f. Past and future physical disfigurement;

g. Loss of consortium;

h. Loss of household services;

i. Pre- and post-judgment interest;

j. Costs of court; and

k. Any other relief to which Plaintiff is justly entitled.

23. Based on the above enumerated damages caused by Defendants' and their employees' negligent acts and/or omissions and defective premises, the amount of Plaintiff's damages is substantial and exceed the jurisdictional minimums of this Court. The amount of damages that would fairly and reasonably compensate Plaintiff for his injuries is to be properly determined by a jury after consideration of all the evidence presented at trial. However, in satisfaction of the requirements of Tex. R. Civ. P. 47(c), Plaintiff states that he seeks monetary relief over $1,000,000. Plaintiff makes this damage calculation pursuant Tex. R. Civ. P. 47. This statement is made solely for the purpose of providing information on the nature of this case.

## IX.
## INTEREST

24. Plaintiff seeks pre-judgment and post-judgment interest as authorized by law. Plaintiff also claims damages in the amount of the legal interest as allowed by law on all pecuniary and non-pecuniary damages as found by the jury at the maximum legal rate allowed by law: (a) accruing from a date beginning 180 days after the date the Defendants received written notice of this claim or on the date of filing suit, whichever occurred first, until the time judgment against Defendants is rendered and (b) after judgment until the same is paid.

## X.
## Rule 193.7 Notice

25. Plaintiff hereby gives actual notice to Defendants that any document produced in response to written discovery will be used in pretrial proceedings and/or trial without the necessity of authenticating the documents, unless Defendants object. Tex. R. Civ. P. 193.7

## XI.
## Conditions Precedent

26. Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein and to Defendants' liability have been performed or have occurred.

## XII.
## Preservation of Evidence

27. Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit or the damages resulting there from; including statements, photographs, video tapes, audio tapes, surveillance or security tapes or information, business or medical records, incident reports, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voice mail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages.

28. Failure to maintain such items will constitute "spoliation" of the evidence.

## Prayer

For these reasons, Plaintiff, Daniel Ewing, respectfully requests that the Court issue citation to Defendants, KinderCare Learning Companies, Inc. and KinderCare Learning Centers, LLC, require them to answer and appear, and, after trial, award him actual damages, pre-judgement

interest, post-judgment interest, costs of court, and any further relief to which he may be justly entitled.

Respectfully submitted,

**SORRELS LAW**

*/s/ Randall O. Sorrels*
Randall O. Sorrels
Texas Bar No. 10000000
R. Turner Johnston
Texas Bar No. 24110058
5300 Memorial Drive, Suite 2700
Houston, Texas 77007
T: (713) 496-1100
F: (713) 238-9500
randy@sorrelslaw.com
turner@sorrelslaw.com
**E-service: eservice@sorrelslaw.com**

**ATTORNEYS FOR PLAINTIFF**